UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GLEN LAMARE RANKINS,

        Plaintiff,

v.

HEIDI E. WASHINGTON et al.,

        Defendants.
_____/

Case No. 1:17-cv-687

Honorable Gordon J. Quist

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Washington and Grahn for failure to state a claim.

**Discussion**

I.     Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains, however, occurred at the Michigan Reformatory (RMI) in Ionia, Ionia County, Michigan. Plaintiff sues MDOC Director Heidi E. Washington and RMI Doctor Corey Grahn.[1]

Plaintiff alleges that during February of 2015, Dr. Grahn put Plaintiff on two medications, spironolactone and furosemide, to address ascites, stomach bloating caused by an accumulation of fluid, which was caused by hepatitis C. One of the side effects of the medication regimen was gynecomastia, a condition that the Sixth Circuit has described as "the excess growth of breast tissue in males." *O'Brien v. Michigan Dep't of Corrections*, 592 F. App'x 338, 343 (6th Cir. 2014). Plaintiff describes it as the development of female breasts. He has since been taken off the spironolactone and Dr. Grahn has advised that the "swelling" should go down in a year or two. Plaintiff claims that has not occurred. In the meantime, Plaintiff has suffered teasing from his fellow inmates.

Plaintiff notes that gynecomastia is a known side effect of spironolactone and contends that Dr. Grahn should have known that. Plaintiff sues Defendant Washington because "she is responsible for the actions of the health care staff." (Compl., ECF No. 1, PageID.4.)

Plaintiff requests that Defendant Washington be reprimanded and that both Defendants pay $1,000,000.00 in compensatory and punitive damages.

---

[1] Plaintiff also references the involvement of Dr. Craig Hutchinson in the decision to use spironolactone; however, Plaintiff does not name Dr. Hutchinson as a defendant in the complaint.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff argues that Defendants, by their deliberate indifference to Plaintiff's serious medical need, have violated his right to be free of cruel and unusual punishment under the Eighth Amendment.

A.  Deliberate indifference

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Id.* at 898, the plaintiff must "place verifying medical evidence in the record to establish

4

the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

Plaintiff's allegations regarding the objective component are scant. Other than the change in Petitioner's appearance, he does not mention any physical symptoms from the condition in the body of his complaint. In a December 9, 2015, health care request (ECF No. 1, PageID.10) he mentioned that his breasts hurt, but that is the only reference to a physical consequence of his condition. He does not repeat the claim in his grievance (ECF No. 1, PageID.11.) or complaint. Instead, he focuses on the teasing he has suffered.

It appears that the absence of physical complications from gynecomastia is not uncommon. The United States District Court for the Northern District of Illinois recently described the prognosis as follows:

> According to the Mayo Clinic,[1] "[g]enerally, gynecomastia isn't a serious problem, but it can be tough to cope with the condition" due to pain and embarrassment. . . . The Clinic explains that most cases of gynecomastia regress over time without treatment . . . . "Generally, no specific treatment is needed. Breast enlargement often disappears on its own or after its cause is identified. "Surgical removal of excess breast tissue is effective but rarely necessary." . . . Finally, Mayo Clinic states that the condition "has few physical complications, but it can cause psychological or emotional problems caused by appearance." . . . The medical literature indicates that the condition is not considered serious by medical professionals, often requires no treatment, and is not likely to pose serious physical complications.
>
> [1] The Court takes judicial notice of facts presented by Mayo Clinic and the Merck Manual pursuant to Federal Rule of Evidence 201.

*Ayoubi v. Altez*, No. 14 CV 4306, 2017 WL 773883 at *4 (N.D. Ill. Feb 27, 2017). Thus, the fact that Plaintiff does not allege facts showing a substantial risk of serious harm is not surprising.

Even if Plaintiff's allegations regarding the objective component were sufficient, however, it would not save his claim, because his allegations with regard to the subjective component fall short. Plaintiff alleges only that Dr. Grahn[2] "should have known the effects of

---

[2] In the body of the complaint, Plaintiff specifically references Dr. Hutchinson. In Plaintiff's grievance, however, he notes that it was Dr. Grahn and that Dr. Grahn "acted under Dr. Craig Hutchinson." (Grievance, ECF No. 1, PageID.11.)

spironolactone." (Compl., ECF No. 1, PageID.2; Grievance, ECF No. 1, PageID.11 ("Dr. Corey Grahn should have known side effect.").) "It is not enough that there was a danger of which an officer should objectively have been aware." *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farm*er, 511 U.S. at 838. Accordingly, Plaintiff has failed to state a claim against Defendant Grahn.

B. Supervisory liability

With respect to Defendant Washington, Plaintiff does not allege that she had any direct involvement in the decisions relating to Plaintiff's treatment. Plaintiff alleges only that, as the MDOC director, she is responsible for all health care providers. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff

has failed to allege that Defendant Washington engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against her.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Washington and Grahn will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: September 29, 2017               /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE